**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KENNETH J. DILLON <br> 4115 Wisconsin Avenue, NW <br> Unit #507 <br> Washington, DC  20016, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, DC  20530, <br><br> Defendant. | Civil Action No. 1:13-cv-00532 (RBW) |

## FIRST AMENDED COMPLAINT

Plaintiff Kenneth J. Dillon brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.  Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.  Plaintiff Kenneth J. Dillon is a U.S. citizen and is a resident of the District of Columbia.

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

5. The Federal Bureau of Investigation ("FBI") and Office of Information Policy ("OIP") are DOJ components. Because the records requested by Plaintiff which are the subject of this action are FBI records, FBI will be treated henceforth as the "Defendant" even though, according to law, DOJ is the proper party defendant (and is identified as such in the caption).

## FIRST CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – 1170856)

6. Plaintiff repeats and realleges the allegations contained in all paragraphs set forth above.

7. On 17 July 2011 Plaintiff submitted to FBI a FOIA request for certain records about the August 2001 detention and arrest of Zacarias Moussaoui and the detention of Abderraouf Jdey. FBI acknowledged receipt of this request on 11 January 2012 and assigned it Request No. 1170856.

8. On 11 January 2012 FBI denied Plaintiff's request on the basis of Exemptions (b)(6) and (b)(7)(C) and refused to conduct a search for responsive records.

9. On 10 February 2012 Plaintiff appealed FBI's determination to OIP.

10. On 11 May 2012 OIP remanded Plaintiff's request to FBI for a search for responsive records.

11. On 29 April 2013 FBI informed Plaintiff that it was invoking a blanket exemption on the basis of Exemption (b)(7)(A) for records about Jdey. This letter referenced Request No.

1170856-001, which is a derivative request of Request No. 1170856. However, this letter made no mention of the responsive records about Moussaoui.

12. Upon information and belief, FBI is still processing Request No. 1170856 as it pertains to records about Moussaoui.

13. In the interest of judicial efficiency, Plaintiff's counsel submitted instructions to FBI's counsel on 5 July 2013 limiting the scope of Request No. 1170856. The instructions read, in pertinent part:

> You may inform your client that Mr. Dillon restricts the scope of Request No. 1170856 to the following records:
>
> 1) All records documenting the items found in the possession of Zacarias Moussaoui on 16-17 August 2001.
> 2) All records pertaining to the August 2001 detention which reference cropdusting, cropdusters, or biological or chemical terrorism. This will also include records pertaining to the decision to remove references to cropdusting from the superseding indictment. . . .
>
> The FBI should perform a CRS search, including cross-references, as well as a search of all records systems, shared drives, and email systems used by the Minneapolis Field Office and FBI Headquarters which are not incorporated into CRS. . . . *A simple search of CRS will not be adequate for [this] request, nor will a search which does not include cross-references*.

14. As of this writing, FBI has not issued a final determination regarding Plaintiff's request. As twenty working days have elapsed without a substantive determination, Plaintiff has exhausted all required administrative remedies.

15. Plaintiff has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## SECOND CAUSE OF ACTION

## (RECORDS DENIAL – 1187039)

16. Plaintiff repeats and realleges the allegations contained in all paragraphs set forth above.

17. On 30 March 2012 Plaintiff submitted to FBI a FOIA request for "FBI's entire file on al Qaeda operative Abderraouf Jdey." FBI acknowledged receipt of this request on 3 April 2012 and assigned it Request No. 1187039.

18. On 3 April 2012 FBI denied Plaintiff's request on the basis of Exemptions (b)(6) and (b)(7)(C) and refused to conduct a search for responsive records.

19. On 10 April 2012 Plaintiff appealed FBI's determination to OIP.

20. On 26 September 2012 OIP affirmed FBI's determination.

21. Upon information and belief, FBI is now claiming that all records responsive to this request are blanketly exempt under Exemption (b)(7)(A).

22. Plaintiff has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right. Refusing to perform a search based on a blanket exemption when only some of the responsive records would be exempt is a violation of FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenneth J. Dillon prays that this Court:

(1) Order the Federal Bureau of Investigation to perform a search for records responsive to Request No. 1187039.

(2) Order the Federal Bureau of Investigation to provide all records responsive to both requests to him as soon as practicable;

(3)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(4)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(5)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(6)     Grant such other relief as the Court may deem just and proper.

Date:   July 5, 2013

                                          Respectfully submitted,

                                            /s/ Kelly B. McClanahan
                                          Kelly B. McClanahan, Esq.
                                          D.C. Bar #984704
                                          National Security Counselors
                                          1200 South Courthouse Road
                                          Suite 124
                                          Arlington, VA  22204
                                          301-728-5908
                                          240-681-2189 fax
                                          Kel@NationalSecurityLaw.org

                                          *Counsel for Plaintiff*